UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND GARAVITO <br> 9767 S W 106 Terrace <br> Miami, FL  33176 <br><br> RAFAEL RODRIGUEZ <br> 7501 Cordoba Circle <br> Naples, FL  34109 <br><br> ELLI MIZRAHI <br> 14001 Mills Ave <br> Silver Spring, MD 20904 <br><br>           Plaintiffs, <br><br>      v. <br><br> AIR LINE PILOTS ASSOCIATION, <br> INTERNATIONAL <br> 1625 Massachusetts Ave, N.W. <br> Washington, DC 20036 <br><br>           Defendant. | Civil Action No. 07-CV-00384 |

**MOTION TO SHORTEN TIME FOR DEFENDANT'S RESPONSE
TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

Plaintiffs, through undersigned counsel, respectfully request that the Court enter an order shortening the time for Defendant to produce documents in response to Plaintiffs' First Request for Production.[1]  Plaintiffs request an expedited deadline of March 2, 2007.  Plaintiffs recognize that this is an extraordinarily short deadline, but this expedited schedule is required because the requested documents, and the information contained therein, are required for the depositions that

---

[1] Pursuant to Local Rule 7(m), Counsel for Plaintiffs have conferred with counsel for Defendant regarding the relief sought by this Motion.  Counsel for Defendant has indicated that they oppose the relief sought herein.

Plaintiffs seek to conduct in advance of the requested March 9, 2007 preliminary injunction hearing.

As explained in more detail in Plaintiffs' Emergency Motion to Set Hearing Date for Preliminary Injunction and Expedited Discovery Schedule and Memorandum in Support ("Emergency Motion"), filed February 22, 2007, the accelerated discovery schedule is necessary because Defendant has indicated it will distribute the pension funds at issue in this matter "the second week in March." As stated in the Emergency Motion, Plaintiffs have asked for a hearing date of March 9, 2007 for their request for a preliminary injunction, and this discovery and the depositions must be completed before the hearing. Therefore, so that Plaintiffs may obtain documentary evidence before commencing depositions and before the preliminary injunction hearing, Plaintiffs respectfully ask the Court to order that Defendant respond to Plaintiffs' First Request for Production by March 2, 2007. A copy of the First Request for Production is attached hereto as Exhibit A.

February 26, 2007                                                  Respectfully submitted,

                                                                          /s/
                                      Andrew H. Marks (D.C. Bar No. 932269)
                                      Aryeh S. Portnoy (D.C. Bar No. 464507)
                                      William Flanagan (D.C. Bar No. 311035)
                                      Daniel G. Kim (D.C. Bar No. 484342)
                                      CROWELL & MORING LLP
                                      1001 Pennsylvania Avenue, NW
                                      Washington, D.C. 20004
                                      Phone: (202) 624-2500
                                      Fax: (202) 628-5116

                    Michael S. Olin (D.C. Bar No. 372067)
Tucker Ronzetti (D.C. Bar No. 73755)
KOZYAK, TROPIN & THROCKMORTON, PA
2525 Ponce de Leon, 9th Floor
Miami, FL 33134
Phone: (305) 372-1800
Fax: (305) 372-3508

Attorneys for Plaintiffs

Of Counsel:   Jeffrey W. Pagano (D.C. Bar No. 965046)
CROWELL & MORING LLP
153 East 53rd Street, 31st Floor
New York, NY 10022
Phone: (212) 223-4000
Fax: (212) 223-4134

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Shorten Time for Defendant's Response to Plaintiffs' First Request for Production was sent via electronic mail and first-class mail, postage prepaid, this 26th day of February 2006 to:

Clay Warner, Esq.
Air Line Pilots Association
535 Herndon Parkway
P.O. Box 1169
Herndon, VA 20172

_____/s/_____
Andrew H. Marks

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYMOND GARAVITO )
9767 S W 106 Terrace )
Miami, FL 33176 )
 )
RAFAEL RODRIGUEZ )
7501 Cordoba Circle )
Naples FL 34109 )
 )
ELLI MIZRAHI )
14001 Mills Ave )
Silver Spring, MD 20904 )
 )
            Plaintiffs, )
 )
v. )   Civil Action No. 07-CV-00384 (PLF)
 )
AIR LINE PILOTS ASSOCIATION, )
INTERNATIONAL )
1625 Massachusetts Ave, N.W. )
Washington, DC 20036 )
 )
            Defendant. )

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiffs, pursuant to the Rule 34 of the Federal Rules of Civil Procedure, hereby request Defendant Air Line Pilots Association, International ("ALPA") to produce the specific documents described below on or before March 2, 2007, or such other date that the Court may set.

### I. DEFINITIONS AND INSTRUCTIONS

#### A. Definitions

1. "ALPA," "You," and "Your" shall mean the Air Line Pilots Association, International, together with any affiliates and related entities, and including any committees and

subcommittees (including the MEC and its "R&I" committee), officers, board members, agents, employees, servants, consultants, accountants, representatives, and agents, and, unless privileged, attorneys thereof.

2. The "MEC" shall mean the United Master Executive Council, its committees (including its "R&I" Committee), officers, members, agents, employees, servants or representatives, affiliates, and any related entities.

3. "Document" and "Documents" are used herein in the broadest sense pursuant to Fed. R. Civ. P. 34 and include any written, recorded, or graphic matter, however produced or reproduced, including any electronic, magnetic, or computerized materials (hereinafter "electronically-stored information" or "ESI") and regardless of whether it is now in existence, including, without limitation: correspondence; letters; facsimile transmissions; e-mails; instant messages ("IM's"); spreadsheets; data bases or other data compilations; telegrams; photographs; notes or sound recordings of any type of personal or telephone conversations, meetings, conferences, or interviews; minutes of meetings; memoranda (whether or not communicated to any person other than the maker); interoffice communications; tables; indices; studies; analyses; reports; results of investigations; reviews; contracts; agreements; working papers; statistical records; ledgers; books of account; vouchers; bank checks; invoices; receipts; calendars; appointment books; diaries; and audio or video recordings, which are within Your actual or constructive possession, custody, or control or the actual or constructive possession, custody, or control of any of Your agents (including, without limitation, Your counsel and actuarial advisors), employees, or other person acting or purporting to act on Your behalf. If a document has been prepared in several copies, or if additional copies have been made, and the copies are not identical (whether different from the original because of notes made on such copies or otherwise), each non-identical copy is a separate document. In the case of both non-electronic

materials and ESI, the terms "Document" and "Documents" include the file jackets and/or folders and any labels thereon, in which responsive documents (as defined above) are contained.

4. "United" as used herein refers to UAL Corp. or United Air Lines, Inc.

5. The "Letter Agreement" refers to the letter of agreement designated Letter 05-01 by and between UAL Corp., United Air Lines, Inc., and the Air Line Pilots in the service of United Air Lines, Inc. as represented by ALPA.

6. "Pension Funds" as used herein means the approximately $537 million generated by ALPA's sale of convertible notes ("United Notes") having a face value of $550 million that United conveyed to ALPA in connection with the resolution of United's bankruptcy proceedings.

7. The "United Plan" as used herein means the United pension plan ("United Plan") terminated in connection with United's bankruptcy.

8. The "GAP 2 Plan" refers to the plan proposed by the MEC and adopted by ALPA for the distribution of the Pension Funds.

9. "Alternative Plan" or "Alternative Plans" refers to any plan besides the GAP 2 Plan which ALPA and/or the MEC considered in adopting a plan to distribute the Pension Funds, including, but not limited to, the so-called "GAP 1" and "PLSA method" plans.

10. The phrases "relate to" and "relating to" shall mean to contain, mention, evidence, comment on, respond to, show, describe, analyze, reflect, summarize, constitute or have any topical and/or factual relation to the matter described.

**B.  Instructions**

1. The below enumerated requested documents are to be produced to the Plaintiffs' attorneys in this case on or before March 2, 2007.

2. Where a claim of privilege is asserted in objecting to any document demand, or subpart thereof, and a document is not provided on the basis of such assertion, for each document not provided state the following:

3

      a.     whether the attorney-client privilege, the work-product doctrine, or another form of privilege provides the basis for withholding the document;

      b.     the type of document being withheld (letter, memo, etc.);

      c.     the subject matter of the document;

      d.     the date of the document;

      e.     the name of the author and all recipients;

      f.     the relationship of the parties privy to the communication;

      g.     if applicable, the bates stamp number;

      h.     the nature of the legal advice sought or rendered;

      i.     the current location of the document; and

      j.     the circumstances indicating the confidential nature of the communication; and, if applicable, the litigation for which the document was prepared.

3.    A word in the singular form may be read in its plural form if such is appropriate in the context in which it is used, and vice versa, and the use of one gender shall include the other.

4.    Indicate the request number(s) to which the documents produced are responsive.

5.    You are to produce all documents in your possession, custody or control, including, without limitation, all documents that are in the paper and/or electronic files (whether personal, business or any other files), possession, custody or control of your attorneys, directors, officers, beneficiaries, advisors, accountants, consultants, employers, agents, employees or representatives, or any other person or entity from whom you have the right to secure or compel the production of the requested documents. If, for any reason, you are unable to produce in full any document or the document is otherwise damaged, produce such document to the fullest extent possible and then identify the document and specify the reasons for your inability to produce the document in full.

6. Non-electronic documents shall be produced as they are kept in the usual course of business or as organized and labeled to correspond to the categories set forth herein below. File folders, labels and indices identifying documents requested herein shall be produced intact with such documents. Documents attached to each other shall not be separated. In the case of electronically-stored information, all Documents should, pursuant to Fed. R. Civ. P. 34(b), be produced either in native format or in Group IV Tiff images, with extracted text, metadata, and standard load files to enable electronic review.

## II. DOCUMENT REQUESTS

1. All minutes of meetings of ALPA, the MEC, or any committee or subcommittee of the MEC (including, but not limited, to the "R&I Committee") or ALPA relating to or discussing any negotiations between ALPA and United relating to the termination of the United Plan and/or United's conveyance of the $550 million of Convertible Notes pursuant to Paragraph 7 of the Letter Agreement and Exhibit D to the Letter Agreement.

2. All notes, e-mails or other written communications, or other documents relating to the negotiations between ALPA and United relating to the termination of the United Plan and/or United's conveyance of the $550 million of Convertible Notes pursuant to Paragraph 7 of the Letter Agreement and Exhibit D to the Letter Agreement.

3. All minutes of meetings of ALPA, the MEC, or any committee or subcommittee of the MEC (including but not limited to the "R&I Committee") or ALPA relating to or discussing the Pension Funds, the GAP 2 Plan, or any Alternative Plans.

4. All notes, e-mails or other written communications, or other documents discussing or relating to any meetings of ALPA, the MEC, or any committee or subcommittee of the MEC (including but not limited to the "R&I Committee") or ALPA relating to or discussing the Pension Funds, the GAP 2 Plan, or any Alternative Plans.

5. All e-mails or other written communications between You and United relating to or discussing the Pension Funds, the GAP 2 Plan, or any Alternative Plans.

6. All documents constituting or relating to any resolutions or motions, whether actually made, tabled, withdrawn, or failed, relating to the Pension Funds, the GAP 2 Plan, or any Alternative Plans.

7. All e-mails or other written communications, and all notes of any oral communications, from any United pilots relating to or discussing the Pension Funds, the GAP 2 Plan, or any Alternative Plans.

8. All documents relating to the Grantor Trust, or any other trust or similar vehicle, that was established in connection with the Pension Funds or into which the Pension Funds were deposited or have been held.

9. All documents relating to the operating procedures and mandate of the MEC, including, but not limited to, by-laws and resolutions.

10. All documents relating to the operating procedures and mandate of ALPA, including by-laws and resolutions of ALPA relating to the MEC.

11. All documents relating to any actuarial, financial, legal, or other presentations or other information, written or oral, made or provided by or to the MEC or ALPA or any of their committees or subcommittees relating to the Pilots Program, the GAP 2 Plan, or any Alternative Plan considered by the MEC and/or ALPA.

12. All documents constituting or relating to any opinions and/or advice ALPA sought or received regarding the legality and/or appropriateness of the GAP 2 Plan or any Alternative Plans. *See M.A. Everett v. USAir Group, Inc.*, 165 F.R.D. 1 (D.D.C. 1995).

13. All documents relating to Your responsibilities concerning the Pension Funds.

14. All documents relating to the meaning of "eligible United pilots" as used in Exhibit D of the Letter Agreement.

15. All documents relating to Your understanding of the statement in Exhibit D of the Letter Agreement that "[d]istribution mechanics, eligibility and allocation among [eligible United] pilots to be reasonably determined by the Association."

16. All documents relating to Your decision to seek the recommendation of the MEC with respect to allocating the distribution of the Pension Funds.

17. All documents relating to Your decision to adopt the recommendation of the MEC with respect to allocating the distribution of the Pension Funds.

18. All documents prepared, sent, or received by any the MEC or any MEC members or committees relating to the Pension Funds, the GAP 2 Plan, or any Alternative Plans.

19. All agreements or contracts, or indicia of any understandings or arrangements, between You and United relating to the Pension Funds, the GAP 2 Plan, or any Alternative Plans.

20. All communications with the Pension Benefit Guaranty Corporation relating to the United Plan or the Pension Funds.

21. All documents discussing or describing the method of calculation of the distribution of the Pension Funds under the GAP 2 Plan or any Alternative Plans.

22. All documents discussing or reflecting the disparity of benefits between senior pilots (i.e., pilots with greater vested benefits under the pre-existing United Plan) and junior pilots under the GAP 2 Plan, and the reasoning justifying that disparity.

23. All documents discussing or reflecting how the Pension Funds have been or would be distributed under the GAP 2 Plan or any Alternative Plans, including, but not limited to, any spreadsheets or other documents that contain actual pilot-by-pilot computations of benefits under the GAP 2 Plan or any Alternative Plants.

24. All documents not otherwise produced in response to the forgoing requests that relate to Your consideration and adoption of the GAP 2 Plan by ALPA or the MEC and/or that relate to Your consideration and rejection of any Alternative Plans.

25. Copies of documents that reflect your document retention policies, programs, and/or procedures.

DATED: February 23, 2007          Respectfully submitted,

Andrew H. Marks (D.C. Bar No. 932269)
Aryeh S. Portnoy (D.C. Bar No. 464507)
William Flanagan (D.C. Bar No. 311035)
Daniel G. Kim (D.C. Bar No. 484342)
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004
Phone: (202) 624-2500
Fax: (202) 628-5116

Michael S. Olin
Tucker Ronzetti
KOZYAK, TROPIN & THROCKMORTON, PA
2525 Ponce de Leon, 9th Floor
Miami, FL 33134
Phone: (305) 372-1800
Fax: (305) 372-3508

Attorneys for Plaintiffs

Of Counsel:   Jeffrey W. Pagano (D.C. Bar No. 965046)
              CROWELL & MORING LLP
              153 East 53rd Street, 31st Floor
              New York, NY 10022
              Phone: (212) 223-4000
              Fax: (212) 223-4134

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's First Request for Production of Documents was served by electronic mail and overnight delivery this 23nd day of February 2006 on:

Clay Warner, Esq.
Air Line Pilots Association
535 Herndon Parkway
P.O. Box 1169
Herndon, VA 20172


_____
David E. Bell